UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:15-cr-33-T-33TBM

FRAZIER WILLIAMS, JR.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Frazier Williams, Jr.'s Motion in Limine (Doc. # 20). For the reasons stated at the hearing held on July 1, 2015, and for the reasons that follow, the Court denies the Motion in Limine without prejudice.

**I.   Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to

1

exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried. See LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273,

2

1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II. Evidence Regarding Expenditure of IRS Refund

A February 10, 2015, indictment charges that Defendant:

> did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a United States Income Tax Return for an S Corporation (Form 1120S) on behalf of Aztech Energy Corporation, for calendar year 2008, which was false and fraudulent as to a material matter, in that the return claimed on lines 23c, 23d, and 27, a credit in the amount of $2,974,400 for the production, distribution, or use of biofules, whereas, as he then and there well knew and believed Aztech Energy Corporation was not entitled to said credits in said amount, but in a substantially lesser amount. In violation of Title 26 United States Code, Section 7206(2).

(Doc. # 1).

Defendant explains: "Once this refund was obtained by Mr. Williams, Aztech Energy Corporation, and/or allegedly Sean Donnelly (the manager of Aztech), the money was deposited into a Regions Bank account and spent. The Government's position is that the tax refund was spent between Mr. Donnelly and Mr. Williams." (Doc. # 20 at 2-3). Defendant, who is Aztech's founder, seeks an Order barring admission of evidence of "who

3

spent the refund and how the refund was spent" arguing that it is not relevant to the charged offense. (Id. at 3). In addition to relevance, Defendant argues that the challenged evidence regarding financial transactions after obtaining the refund should be excluded under Rule 403, Fed. R. Evid.

The Court disagrees with Defendant's relevance arguments. As articulated by the Government at the hearing, evidence regarding Defendant's expenditure of the funds at issue is relevant to Defendant's motive to commit the alleged crime, as well as to willfulness.

In addition, the Court has evaluated evidence of Defendant's expenditure of the funds (on items such as jewelry, cars, and other extravagances) against the touchstone of Rule 403 of the Federal Rules of Evidence. That Rule states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403.

The Eleventh Circuit has instructed that Federal Rule of Evidence 403 should be applied to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

United States v. Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986)(emphasis in original).

This Court has given due consideration to Defendant's argument that the evidence of his expenditure of the funds would inflame the passions of the jury and lead to unfair prejudice. However, this Court ultimately determines that the probative value of the evidence is not outweighed by any dangers identified by Defendant. Thus, this Court denies the Motion in Limine.

### III. **Evidence of Prior False Return**

In addition, at the hearing, Defendant raised a preliminary objection to the Government's proffer of evidence regarding a fraudulent return for a prior tax year, signed by Defendant on behalf of Aztech, for which an $800,000.00 return was remitted. Defendant argued at the hearing that evidence of Defendant's past conduct, for which Defendant is not charged in the present

5

case, would violate the protections of Rule 404(b), Fed. R. Evid.

Federal Rule of Evidence 404(b)(1) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Rule further states that "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . . ." Fed. R. Evid. 404(b). In deciding whether evidence of other acts is admissible in a criminal case, the Eleventh Circuit requires district courts to employ a three-part test:

> (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403.

United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

The Court finds that the previous false tax return is relevant to an issue other than Defendant's character. By pleading not guilty, Defendant has placed his intent at issue. United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir.

2007)("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence."). Where the other acts involved the same state of mind as required for conviction of the charged offense, as in this case, the other acts are relevant to intent. Zapata, 139 F.3d at 1358. As a result, the other act (the filing of a false tax return) appears on the current record to be relevant to the unresolved issue of Defendant's intent.

In addition, the Court is preliminarily satisfied that the Government will be able to present sufficient evidence to permit a jury to find that Defendant engaged in the prior conduct based on the testimony proffered at the hearing.

Finally, the Court must determine whether the other act should be excluded under Rule 403. In so doing, the Court must determine whether the risk of unfair prejudice from the other act evidence substantially outweighs the probative value of the evidence.  In making this determination, the Court considers "whether it appear[s] at the commencement of trial that the defendant [will] contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." Edouard, 485 F.3d at 1345. As argued by the Government, the

7

issue of intent is directly at issue, the extrinsic evidence is very similar to the charged conduct, and the two acts occurred within the same two-year time frame. On the present record, the Court simply cannot conclude that the risk of unfair prejudice outweighs the probative value of this evidence. Thus, the Court preliminarily determines, on the present record, that the other act in question is admissible.

    Accordingly, it is

    **ORDERED, ADJUDGED,** and **DECREED:**

    Defendant's Motion in Limine (Doc. # 20) is **DENIED WITHOUT PREJUDICE.**

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of July, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record